1
2
3
4
5
PAUL L. ALAGA, SBN 221165
JEFFREY B. WORKMAN, SBN 287066
LEILA J. VAEZ-IRAVANI, SBN 310332
Attorneys at Law
885 Bryant St., Floor 2
415.722.1157 Tel
415.581.0887 Fax

6  Attorneys for Plaintiff

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   STEVEN PELLERIN,                          Case No. 17-380

12

13                          Plaintiff,         **COMPLAINT FOR PERSONAL**
                                               **INJURIES AND FOR DAMAGES FOR**
14              vs.                            **VIOLATION OF CIVIL RIGHTS**

15   THE COUNTY OF SAN JOAQUIN; THE            **JURY TRIAL DEMANDED**
     SAN JOAQUIN SHERIFF'S
16   DEPARTMENT; THE CITY OF
     STOCKTON; WILBON, MNI 957664;
17   MORENO, MNI 957663; DEPUTY JOHN
     ORNELAS, MNI 957671; DEPUTY
18   GILBERT CHAVEZ, MNI 160215; and,
     DOES 1 through 25,
19
20
21                          Defendants.
22

23                              **JURISDICTION**

24   1.      This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is

25   conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The

26   unlawful acts and practices alleged herein occurred in the City of Stockton, County of San

27   Joaquin, California, which is within this judicial district.

28

2.     For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs have complied with all applicable requirements, within the timelines set forth by law.

**PARTIES**

3.     The Plaintiff Steven Pellerin (hereinafter "PLAINTIFF") is an individual, over the age of eighteen.

4.     Defendant San Joaquin Sheriff's Department (hereinafter "DEPARTMENT") is responsible for administering the administrative buildings for San Joaquin County and for making, overseeing and implementing the policies, practices and customs challenged herein relating to the operation of those administrative facilities.

5.     Defendant, City of Stockton, (hereinafter "CITY") is, and at all times mentioned herein was, a charter city duly organized and existing under the Constitution and laws of the State of California.  The DEPARTMENT operates under the authority of Defendant CITY.

6.     Defendant, County of San Joaquin, (hereinafter "COUNTY") is, and at all times mentioned herein was, a county of the State of California, existing under the Constitution and laws of the State of California.

7.     San Joaquin Sheriff Department WILBON, MNI 957664, (hereinafter "WILBON"); is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and practices herein.  WILBON was and at all times during the times herein alleged employed by the DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

8.     San Joaquin Sheriff Department MORENO, MNI 957663, (hereinafter "MORENO"); is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and practices herein.  MORENO was and at all times during the times herein alleged employed by the DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

9.     San Joaquin Sheriff Department Deputy John Ornelas, MNI 957671, (hereinafter "ORNELAS"); is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and practices herein.  ORNELAS was and at all times during the times herein

1  alleged employed by the DEPARTMENT in the capacity as a police officer for the
2  DEPARTMENT.

3  10.     San Joaquin Sheriff Department Deputy Gilbert Chavez, MNI 160215, (hereinafter
4  "CHAVEZ"); is and was an officer for the DEPARTMENT during the time of the alleged
5  unlawful acts and practices herein.  CHAVEZ was and at all times during the times herein
6  alleged employed by the DEPARTMENT in the capacity as a police officer for the
7  DEPARTMENT.

8  11.     At all times herein mentioned, defendant DOES 1-10, each of them, were the agents,
9  servants, and employees of defendants DEPARTMENT and CITY and COUNTY, and were
10  acting within the course and scope of such agency and employment with defendants
11  DEPARTMENT and CITY and COUNTY.

12  12.     PLAINTIFF continues to be ignorant of the true names and capacities of Defendants,
13  DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.
14  PLAINTIFF is informed and believes and thereon alleges that each Defendant so named is
15  responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth
16  herein.  PLAINTIFF will amend his complaint to state the names and capacities of DOES 1-10,
17  inclusive, when they have been ascertained.

18  13.     In engaging in the conduct described herein, Defendants WILBON, MORENO,
19  ORNELAS, CHAVEZ, and DOES 1-10 acted under the color of law and in the course and scope
20  of their employment with Defendants DEPARTMENT and CITY and COUNTY.  In engaging in
21  the conduct described herein, Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and
22  DOES 1-50 exceeded the authority vested in them as sheriff's deputies and government
23  employees, under the United States and California Constitutions, and as employed by Defendants
24  DEPARTMENT and CITY and COUNTY.

25  14.     Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10 have engaged
26  in repeated acts of misconduct similar to those alleged herein while employed with Defendant
27  DEPARTMENT and CITY and COUNTY.
28

**STATEMENT OF FACTS**

15.     On or about February 23, 2016, PLAINTIFF, a San Joaquin County resident and African-American man, went to the County Recorder's office in Stockton, California to obtain information about his home's deed and mortgage.  While at the window, Sheriff's Deputy, Defendant WILBON, arrived behind PLAINTIFF and without any justification ordered PLAINTIFF to exit the building.  PLAINTIFF complied with the request and began to leave the premises.  Defendant WILBON walked behind PLAINTIFF in an intimidating and threatening manner.  When PLAINTIFF reached the exit of the building he opened the door and Defendants MORENO and ORNELAS or DOES 1-10 immediately grabbed him by his head without warning or provocation and threw him onto the ground.  Defendants WILBON, MORENO, ORNELAS and DOES 1-10 then hit Plaintiff with batons repeatedly and excessively and arrested him.

16.     During the entire encounter PLAINTIFF did not instigate, resist or otherwise impede the officers, nor did he commit any crime or violate any law, nor did he engage in any conduct which would justify the physical restraint of his liberty or the excessive force used by the officers.  None of the officers had reasonable suspicion, probable cause or other information to believe PLAINTIFF committed a crime or violated the law.

17.     After PLAINTIFF's arrest, Defendant CHAVEZ wrote and filed a false police report, which Defendants WILBON, MORENO, ORNELAS, and Does 1-50 contributed to, which led to PLAINTIFF being charged with several crimes.  All charges were dismissed.

**DAMAGES**

18.     PLAINTIFF worked in private security for celebrities and executives.  As a part of his job, he was required to hold a concealed weapons permit.  As a proximate result of his false arrest and charges, PLAINTIFF lost his concealed weapons license and was removed from his position, requiring him to seek employment elsewhere, losing income and the prospect of regaining his security position.

19.     As a proximate result of each Defendant, individually and together, PLAINTIFF suffered pain and physical injuries.  As a further proximate result of Defendants' conduct, PLAINTIFF

suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride.  PLAINTIFF was mentally and emotionally injured and damaged as a proximate result of this incident.

20.     The conduct of Defendants, individually and together, were malicious, wanton, and oppressive.  PLAINTIFF is therefore entitled to an award of punitive damages against said Defendants.

21.     PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law.  PLAINTIFF is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

## FIRST CAUSE OF ACTION

## (42 U.S.C. § 1983)

### (Against Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10)

22.     PLAINTIFF hereby re-alleges and incorporates by reference herein each paragraph above.

23.     In doing the acts complained of herein, Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive PLAINTIFF of certain constitutionally protected rights, including, but not limited to:

    a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c.  The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or

    d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

**(Against Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10)**

24.    PLAINTIFF hereby re-alleges and incorporates by reference herein each paragraph above.

25.    PLAINTIFF is informed and believes and thereon alleges that high ranking officials of Defendants DEPARTMENT and CITY and COUNTY, including high ranking deputy supervisors, such as Defendants DOES 11-10, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendants DOES 1-10, and/or each of them.

26.    Despite having such notice, PLAINTIFF is informed and believes and thereon alleges that Defendants DOES 11-10, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said Defendants DOES 1-10.

27.    PLAINTIFF is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-10 and/or each of them, Defendants DOES 11-10, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the PLAINTIFF'S rights as alleged herein.

28.    The aforementioned acts and/or omissions and/or deliberate indifference by high ranking officials of Defendants DEPARTMENT and CITY, including Defendants DOES 11-10, and each of them resulted in the deprivation of PLAINTIFF'S constitutional rights including, but not limited to, the following:

    a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.    The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.   The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or

d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.


### THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Against Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10)

29.   PLAINTIFF hereby re-alleges and incorporates by reference herein each paragraph above.

30.   As against Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10 in their capacity as policy-makers for Defendants DEPARTMENT and CITY and COUNTY, PLAINTIFF further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

31.   PLAINTIFF is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of DEPARTMENT, CITY, COUNTY, and DOES 11-10, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10, and each of them.

32.   The injuries and damages to PLAINTIFF as alleged herein was the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10, and each of them.

33.   PLAINTIFF is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or

1  policies of deliberate indifference in the training, supervision and/or discipline of members of the

2  DEPARTMENT.

3  34.    PLAINTIFF is further informed and believes and upon such information and belief

4  alleges that PLAINTIFF'S damages and injuries were caused by customs, policies, patterns or

5  practices of Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10, and each of them,

6  of deliberate indifference in the training, supervision and/or discipline of Defendants DOES 1-10

7  and/or each of them.

8  35.    The aforementioned customs, policies or practices of DEPARTMENT, CITY, COUNTY,

9  and DOES 11-10, and each of them, resulted in the deprivation of PLAINTIFF'S constitutional

10  rights including, but not limited to, the following:

> a.  The right to be free from unreasonable searches and seizures, as guaranteed by the
>     Fourth and Fourteenth Amendments to the United States Constitution;
>
> b.  The right not to be deprived of life or liberty without due process of law, as
>     guaranteed by the Fifth and Fourteenth Amendments to the United States
>     Constitution;
>
> c.  The right to be free from the use of excessive force by police officers, which is
>     guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States
>     Constitution; and/or
>
> d.  The right to equal protection of the laws, as guaranteed by the Fourteenth
>     Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Assault)

### (Against Defendants WILBON, MORENO, and ORNELAS, and DOES 1-10)

36.    PLAINTIFF re-alleges and incorporates by reference herein each paragraph above.

37.    Defendants WILBON, MORENO, ORNELAS, and DOES 1-10, inclusive, placed

PLAINTIFF in immediate fear of death and severe bodily harm by attacking and battering him

without any just provocation or cause.

38.      These Defendants' conduct was neither privileged nor justified under statute or common law.

39.      As a proximate result of Defendants' conduct, PLAINTIFF suffered damages as hereinafter set forth.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**(Battery)**

**(Against Defendants WILBON, MORENO, ORNELAS, and DOES 1-10)**

40.      PLAINTIFF hereby re-alleges and incorporates by reference herein each paragraph above.

41.       Defendants WILBON, MORENO, ORNELAS, and DOES 1-10, inclusive, placed PLAINTIFF in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

42.      These Defendants' conduct was neither privileged nor justified under statute or common law.

43.      As a proximate result of Defendants WILBON, MORENO, ORNELAS, and DOES 1-10's conduct, PLAINTIFF suffered damages as hereinafter set forth.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

**(False Imprisonment)**

**(Against Defendants WILBON, MORENO, ORNELAS, and DOES 1-10)**

44.      PLAINTIFF hereby re-alleges and incorporates by reference herein each paragraph above.

45.      Defendants WILBON, MORENO, ORNELAS, and DOES 1-10, inclusive, falsely imprisoned PLAINTIFF without probable cause.  PLAINTIFF had not committed any crime, and there was no basis upon which defendants could have reasonably believed that PLAINTIFF had committed any crime.

46.     Defendants WILBON, MORENO, ORNELAS, and DOES 1-10, inclusive, failed to observe proper procedures in falsely imprisoning PLAINTIFF without probable cause.  These Defendants exceeded the limits of their authority as police officers in falsely imprisoning the PLAINTIFF without probable cause, and in using excessive and unnecessary force against Plaintiff.

47.     As a proximate result of Defendants' conduct, PLAINTIFF suffered damages as hereinafter set forth.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(Against Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10)**

48.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint.

49.     The conduct of Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by individuals in a democratic and civilized society.  Defendants DOES 1-10, inclusive, committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon PLAINTIFF.

50.     As a proximate result of Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10's willful, intentional and malicious conduct, PLAINTIFF suffered severe and extreme mental and emotional distress.  Therefore, PLAINTIFF is entitled to an award of punitive damages as against Defendants WILBON, MORENO, ORNELAS, CHAVEZ, WILLIAMSON, and DOES 1-10.  Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

//

//

## EIGHTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Against Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10)

51.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 56 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

52.     The wrongful conduct of Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of PLAINTIFF.

53.     As a proximate result of Defendants' negligent conduct, PLAINTIFF has suffered severe emotional and mental distress, having a traumatic effect on PLAINTIFF'S emotional tranquility.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Violation of Civil Code Section 51.7)

### (Against Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10)

54.     PLAINTIFF hereby re-alleges and incorporates by reference herein each paragraph above.

55.     PLAINTIFF is informed and believes and thereon alleges that the conduct of Defendants WILBON, MORENO, ORNELAS, CHAVEZ, and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against Plaintiff.  In engaging in such conduct, Defendants violated PLAINTIFF'S rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

56.     Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

57.     As a proximate result of Defendants' wrongful conduct, PLAINTIFF suffered damages as hereinafter set forth.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**

**(Violation of Civil Code Section 52.1)**

**(Against Defendants WILBON, MORENO, ORNELAS, and DOES 1-10)**

58.     PLAINTIFF hereby re-alleges and incorporates by reference herein each paragraph above.

59.     The conduct of Defendants WILBON, MORENO, ORNELAS, and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant DEPARTMENT, CITY violated California Civil Code Section 52.1, in that they interfered with PLAINTIFF'S exercise and enjoyment of their civil rights, through use of wrongful and excessive force.

60.     As a direct and proximate result of Defendants WILBON, MORENO, ORNELAS, and DOES 1-10's, violation of Civil Code Section 52.1, PLAINTIFF suffered violations of their constitutional rights, and suffered damages as set forth herein.

61.     Since this conduct occurred in the course and scope of their employment, Defendant DEPARTMENT and CITY are therefore liable to PLAINTIFF pursuant to respondeat superior.

62.     PLAINTIFF is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**ELEVENTH CAUSE OF ACTION**

**(Negligence)**

**(Against ALL DEFENDANTS and DOES 1-10)**

63.     PLAINTIFF re-alleges and incorporates by reference herein each paragraph above of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by each Defendant, individually and together, and by DOES 1-50, and any and all allegations requesting punitive damages.

64.     At all times herein mentioned each Defendant, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and

detaining suspects and people in their charge.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), DEPARTMENT and CITY and COUNTY are vicariously liable to Plaintiff for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

65.     As a proximate result of Defendants' negligent conduct, PLAINTIFF suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on PLAINTIFF'S emotional tranquility, and suffered damages.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION

### (Negligent Hiring, Retention, Training, Supervision, and Discipline)

### (Against Defendants DEPARTMENT, CITY, COUNTY and DOES 11-10)

66.     PLAINTIFF re-alleges and incorporate by reference herein each paragraph above of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10, and any and all allegations requesting punitive damages.

67.     At all times herein mentioned, Defendants DEPARTMENT and CITY and COUNTY by and through its supervisory employees and agents Defendants DOES 11-10, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to other individuals.  With deliberate indifference Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of PLAINTIFF'S rights and injury to said PLAINTIFF.  Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-10, inclusive, breached their duty of care to individuals in that Defendants DEPARTMENT, CITY and DOES 11-10, inclusive, failed to adequately train their deputy officers and employees, including Defendants WILBON, MORENO, ORNELAS, CHAVEZ, WILLIAMSON, and DOES 1-10, inclusive, in the proper and reasonable use of

1   force, the proper and reasonable making of arrests, and treating individuals in a manner that is

2   not racially discriminatory, and/or failed to have adequate policies and procedures regarding the

3   proper and reasonable use of force, the proper and reasonable making of arrests, and treating

4   individuals in a manner that is not racially discriminatory.  This lack of adequate supervisory

5   training, and/or policies and procedures demonstrates the existence of an informal custom or

6   policy of promoting, tolerating, and/or ratifying the continuing use of excessive and

7   unreasonable force by deputy officers employed by Defendants DEPARTMENT and CITY and

8   COUNTY the continuing failure to make proper and reasonable arrests by deputy officers

9   employed by Defendants DEPARTMENT and CITY and COUNTY and continuing racially

10  discriminatory behavior towards individuals by deputy officers employed by Defendants

11  DEPARTMENT and CITY and COUNTY.

12  68.     As a proximate result of Defendants DEPARTMENT, CITY, COUNTY, and DOES 11-

13  10's, inclusive, negligent conduct, PLAINTIFF suffered severe physical injury, severe emotional

14  and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and

15  suffered damages.

16          WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

17                                    **JURY DEMAND**

18          PLAINTIFF hereby demands a jury trial in this action.

19

20                                       **PRAYER**

21          WHEREFORE, PLAINTIFF prays for relief, as follows:

22  1.      For general damages in a sum according to proof;

23  2.      For special damages in a sum according to proof;

24  3.      For punitive damages in a sum according to proof;

25  4.      For injunctive relief enjoining Defendants DEPARTMENT and CITY and

26          COUNTY from authorizing, allowing, or ratifying the practice by any police

27          officer employee of Defendants DEPARTMENT and CITY and COUNTY from

28

using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5.  For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6.  For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7.  For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.  For cost of suit herein incurred; and

9.  For such other and further relief as the Court deems just and proper.


Dated:  April 7, 2017                              /s/ Paul Alaga
                                                   Paul L. Alaga
                                                   Attorney for Plaintiff